# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Hezekiah Esau Baker,<br><br>    Plaintiff,<br><br>v.<br><br>Dragon Motel, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01751-GMN-DJA<br><br>**Order** |

  Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted, it dismisses his complaint with leave to amend.

**I.**  ***In forma pauperis* application.**

  Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.**  **Screening the complaint.**

  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### ***A.   The Court dismisses Plaintiff's complaint without prejudice.***

Plaintiff sues the Dragon Motel and Doe employees and agents associated with it. Plaintiff alleges that he brought this action in state court and an arbitrator was assigned to the case. However, Plaintiff alleges that an arbitration session was never scheduled. Neither the arbitrator nor Defendant's state-court attorney responded to Plaintiff's inquiries about scheduling the session. Plaintiff alleges that Defendant has not maintained the habitability of its property and has retaliated against Plaintiff by trying to evict him. Plaintiff's complaint raises issues of jurisdiction and comity.

Regarding jurisdiction, although Plaintiff alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 over his claims, he alleges no federal causes of action.

Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Regarding comity, Plaintiff appears to be asking this Court to interfere with a pending state case. However, federal courts may not interfere with pending state cases. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that federal courts may not interfere with a pending state criminal case). In civil cases, federal courts should abstain from interfering with state proceedings when those proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgment of its courts; (3) implicate an important state interest; and (4) allow litigants to raise federal challenges. *See ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). Plaintiff's complaint appears to be asking the federal court to either force the state-appointed arbitrator to schedule the arbitration or to decide the state-court case in his favor. The Court finds that Plaintiff's complaint describes a state court proceeding that: (1) is ongoing; (2) involves the state's interest in enforcing the judgment and orders of its courts; (3) implicates an important state interest in the form of a Nevada resident raising his Nevada-state-law rights; and (4) allows Plaintiff to raise federal challenges in arbitration or in front of the state court.

Plaintiff could potentially amend his complaint to assert proper jurisdiction. He could also potentially amend his complaint to demonstrate why this Court should not abstain from interfering with the state-court action. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **January 8, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: December 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE